IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEIGHANDRA WARE AND PATRICK ESTRIPLET,<br>　　　　Plaintiffs,<br>vs.<br>BANK OF AMERICA, NATIONAL ASSOCIATION AND SPECIALIZED LOAN SERVICING,<br>　　　　Defendants. | §§§§§§§§§§§ Civil Action No. 3:21-CV-2824-M-BH<br><br>Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant findings and applicable law, the *Motion for Leave to file First Amended Complaint Pursuant to Federal Rule of Civil Procedure 15*, filed June 15, 2022 (doc. 13), is **GRANTED**.

## I.  BACKGROUND

This removed case involves the foreclosure of real property located at 4939 Eyrie Ct., Grand Prairie, Texas 75052 (the Property). (*See* doc. 1-2 at 6.)[2]  In their state court petition, the plaintiffs asserted causes of action for fraud, breach of contract, and violations of the Fair Debt Collection Practice Act (FDCPA), the Fair Credit Reporting Act (FCRA), and the Real Estate Settlement Practices Act (RESPA), against the defendants. (*See id.*)  The defendants removed this action on the basis of diversity jurisdiction on November 12, 2021. (*See* doc. 1.)  Under the scheduling order dated December 21, 2021, the deadline for filing motions for leave to amend pleadings is August 18, 2021. (*See* doc. 12.)  The plaintiffs now seek leave to file an amended complaint to add new causes of action and to clarify their factual allegations. (*See* doc. 13.)  The defendants oppose amendment on grounds

---

[1] By *Special Order No. 3-251*, this foreclosure case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

of futility.  (*See* doc. 15.)

## II.  MOTION FOR LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it, or if a responsive pleading is required, within 21 days of receiving the responsive pleading or a motion under Rule 12(b), (e), or (f).  Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982).  A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).  Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998).  There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. David*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

In the context of Rule 15(a), the Fifth Circuit has interpreted futility to mean that "the amended complaint would fail to state a claim upon which relief could be granted," so courts must apply the same standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).  Leave to amend does not need to be granted when the amended complaint would not defeat a motion to dismiss. *See id*.  The issue of futility, however, is better addressed "in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." *Smallwood*, 2011 WL 4941044 at *1; *see also McDade v. Wells Fargo Bank, N.A.*, No. H-10-3733, 2011 WL 4860023 at *4 (S.D. Tex. Oct. 13, 2011) (explaining that in the context of a motion for leave, futility means that

"the amended complaint would fail to state a claim upon which relief could be granted") (quoting *Stripling*, 234 F.3d at 873). This court's "almost unvarying practice when futility is raised [in response to a motion for leave to amend] is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion . . . where the procedural safeguards are surer." *Poly-America, Inc. v. Serrott Int'l Inc.*, No. 3:00-CV-1457-D, 2002 WL 206454, at *4-5 (N.D. Tex. Feb. 7, 2002) (citation omitted).

Having considered the relevant factors, there is no "substantial reason" to deny the plaintiffs' motion for leave to amend their complaint. *See Jacobsen*, 133 F.3d at 318.

### III.  CONCLUSION

The plaintiffs' motion for leave to amend is **GRANTED**. The Clerk's Office shall file the proposed first amended complaint filed with their motion.

**SO ORDERED** on this 30th day of June, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE