IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEIGHANDRA WARE and | § | |
| PATRICK ESTRIPLET, | § | |
| **Plaintiffs,** | § | |
| | § | Civil Action No. 3:21-CV-2824-M-BH |
| v. | § | |
| | § | |
| BANK OF AMERICA, NATIONAL | § | |
| ASSOCIATION et al., | § | |
| **Defendants.** | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings, evidence, and applicable law, *Bank of America, N.A.'s Motion for Summary Judgment*, filed January 19, 2023 (doc. 24), should be **GRANTED** and *Bank of America, N.A.'s Objections to and Motion to Strike Plaintiffs' Summary Judgment Evidence*, filed February 23, 2023 (doc. 43) is **DENIED as moot**.

## I. BACKGROUND

This dispute arises out of two mortgage loans obtained for the purchase of real property located at 4939 Eyrie Court, Grand Prairie, Texas 75052 (Property). (doc. 17 at 2.)[2] On March 22, 2007, Leighandra Ware (Borrower) executed an Adjustable Rate Note (First Note) in favor of First Franklin Financial Corp. (Lender) for a loan in the principal amount of $221,150.00 (First Mortgage). (doc. 20-25.) Borrower and Patrick Estriplet (collectively Plaintiffs) contemporaneously executed a deed of trust (First Deed of Trust) that granted a security interest in the Property to Lender to secure repayment of the First Note. (*Id.* at 26-44.) On the same day, Borrower also executed a Fixed Rate Note (Second Note) in the amount of $55,300.00 (Second Mortgage) payable

---

[1]By *Special Order No. 3-251*, this foreclosure case was automatically referred for full case management.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to Lender. (*Id.* at 59-62.) Plaintiffs contemporaneously executed a Deed of Trust-Secondary Lien (Second Deed of Trust) that granted a security interest in the Property to Lender to secure repayment under the Second Note. (*Id.* at 63-79.)

On or about October 1, 2010, Lender transferred servicing of both mortgages to BAC Home Loans Servicing, LP, a Bank of America, N.A. company (Defendant). (docs. 25 at 80; 35 at 104.) According to Plaintiffs, they had phone conversations with Defendant about both mortgages in or around May 2011. (doc. 35 at 4, 7.) Defendant's agent told them that they would receive a loan modification on the First Mortgage, reducing the principal amount by over $60,000, if they maintained "good status" during a trial period, and that the Second Mortgage did not need a loan modification because it "was already forgiven." (*Id.*) The agent explained that they were receiving both debt forgiveness and debt reduction as part of a settlement with the Federal Government. (*Id.*) After this conversation, Plaintiffs stopped receiving monthly mortgage statements associated with the Second Mortgage, and it was deleted from Borrower's credit report. (*Id.*)

On May 25, 2011, Defendant sent Borrower a letter (First Notice of Servicing Transfer) notifying her that the servicing of the Second Mortgage would be transferred to Carrington Mortgage Services, LLC (Carrington) effective June 1, 2011. (doc. 25 at 82-83.) On December 30, 2011, Plaintiffs received a loan modification on the First Mortgage and executed a Home Affordable Modification Agreement (Loan Modification). (*Id.* at 45-58.) On or about September 17, 2015, a letter (Second Notice of Servicing Transfer) was sent to Borrower stating that the servicing of the Second Mortgage had been transferred from Carrington to Specialized Loan Servicing LLC (SLS) effective September 11, 2015. (doc. 35 at 124-30.) Beginning in or around 2021, SLS sent notices to Plaintiffs attempting to collect on the Second Mortgage. (*Id.* at 4, 7.)

2

On October 6, 2021, Plaintiffs sued Defendant and SLS in state court. (doc. 1-2 at 6-59.) After the lawsuit was removed to federal court, Plaintiffs filed their first amended complaint on June 30, 2022. (*See* doc. 17.) They assert claims against Defendant for violations of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA) and for fraud, breach of contract, and promissory estoppel. (*Id.* at 11-20.)

On January 19, 2023, Defendant moved for summary judgment on all of Plaintiffs' claims against it. (doc. 24). Plaintiffs responded on February 9, 2023, and Defendant replied on February 22, 2023. (docs. 33-35, 40.) On February 23, 2023, Defendant moved to strike portions of Plaintiffs' summary judgment evidence. (doc. 43.) Plaintiff responded on March 16, 2023, and Defendant replied on March 30, 2023. (docs. 45-47.)

## II.  EVIDENTIARY OBJECTIONS

Defendant objects to and moves to strike portions of Plaintiffs' affidavits offered in support of their response to the motion for summary judgment. (doc. 43.) Because the objected statements, even if considered, do not affect the disposition of the pending motion for summary judgment, Defendant's objections are **OVERRULED** and its motion to strike is **DENIED as moot**. *See Continental Casualty Co. v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 984690, at *1 n. 6 (N.D. Tex. Apr. 14, 2006) (overruling as moot objections to evidence that was not considered by the court in deciding motion for summary judgment).

## III.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  "[T]he substantive law will identify which facts are material."

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant bears the burden of proof on an issue, it must "establish beyond peradventure *all* of the essential elements of the claim or defense." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)) (emphasis original). The moving party can also meet its summary judgment burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325 (internal quotation omitted). There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Once the movant meets its summary judgment burden, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. It must go beyond its pleadings and designate specific facts to show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[3] Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Parties must "identify specific evidence in the

---

[3]"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. 56(c)(1)).

record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

## A.    **Common Law Fraud**

Defendant moves for summary judgment on Plaintiffs' fraud claim on the ground that it does not comply with Rule 9(b)'s heightened pleading standard. (doc. 25 at 8.)

In Texas,[4] the elements of common law fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010).

Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark.*

---

[4]"It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.' " *Shady Grove Orthopedic Assoc., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Here, the Property is in Texas and the Second Note provides that it will be governed the law of the state where the Property is located. (doc. 25 at 61). The parties do not dispute that Texas law applies.

*v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations omitted). A dismissal for failure to plead fraud with particularity in accordance with Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, No. 3:10-CV-1747-B, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

"[W]hile 'failure to state a claim usually warrants dismissal under Rule 12(b)(6),' it may also serve as a basis for summary judgment." *Martin v. Lennox Int'l Inc.*, 342 F. App'x 15, 17 (5th Cir. 2009) (quoting *Whalen v. Carter*, 954 F.2d 1087, 1098 (5th Cir. 1992)). When a "motion for summary judgment only challenge[s] the sufficiency of the plaintiffs' pleadings, the motion should [be] evaluated much the same as a 12(b)(6) motion to dismiss." *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993) (citing *Whalen*, 954 F.2d at 1098); *see also Pruitt v. Bank of New York Mellon*, No. 3:15-CV-2359-L, 2016 WL 11258228, at *10 (N.D. Tex. Nov. 30, 2016), *adopted in part and rejected in part by* 2017 WL 33383 (N.D. Tex. Jan. 3, 2017) ("Courts routinely find that an attack on the pleadings on a motion for summary judgment shall be ruled on as if the plaintiff filed a motion to dismiss even where the parties have presented evidence to support the claim.") (citing cases). "[B]oth standards reduce to the same question, specifically, if, accepting all alleged facts as true, the plaintiffs' complaint nonetheless failed to state a claim." *Taplin v. Wells Fargo Bank, N.A.*,

No. 3:17-CV-3404-M-BN, 2018 WL 6933153, at *6 (N.D. Tex. Nov. 28, 2018), *adopted by* 2019 WL 112103 (N.D. Tex. Jan. 4, 2019) (citation and internal quotation omitted).

Here, Plaintiffs allege that Defendant made representations to them that the Second Mortgage was "charged off" and they no longer needed to make payments, and it subsequently stopped sending mortgage statements on the Second Mortgage and removed that mortgage from their credit reports. (doc. 17 at 12.) They also allege that when the First Mortgage was modified in 2011, Defendant told them the Second Mortgage did not need to be modified because it had been "charged off" and payments were no longer required on it. (*Id.*) They allege that Defendant's "acts were done maliciously, oppressively, deliberately, with the intent to defraud, and in reckless disregard of [their] rights and well-being so that [it] could enrich itself." (*Id.*)

While the first amended complaint nominally lays out the necessary elements of a common law fraud claim in Texas, it fails to include the specifics of "the who, what, when, where, and how" required under Rule 9(b). *See Benchmark Electronics*, 343 F.3d at 724. It also fails to allege any facts to support the claim that Defendant had knowledge or acted recklessly. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) ("[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b) ... [because] the plaintiffs must set forth *specific facts* supporting an inference of fraud[,] ... such as identify[ing] circumstances that indicate conscious behavior on the part of the defendants.") (citations omitted) (emphasis original). Because Plaintiffs have failed to meet the heightened pleading requirement of Rule 9(b), summary judgment should be granted in Defendant's favor with respect to their fraud claim. *See Whalen*, 954 F.2d at 1098 (upholding summary judgment on fraud claim for failure to comply with Rule 9(b), noting that the failure to state a claim is the functional equivalent of failure to raise a genuine issue of material fact);

*see, e.g., Lopez v. Wells Fargo Bank, N.A.*, No. 5:18-CV-44, 2020 WL 224485, at *4 (S.D. Tex. Jan. 14, 2020) (granting summary judgment motion on fraud claim that did not comply with Rule 9(b)); *Valenzuela v. Bank of New York Mellon*, No. CV B-18-36, 2019 WL 5400902, at *11-12 (S.D. Tex. June 28, 2019), *adopted by* 2019 WL 5401020 (S.D. Tex. Oct. 22, 2019), *aff'd sub nom. by* 811 F. App'x 902 (5th Cir. 2020) ("Accordingly, summary judgment for Defendants is proper where Plaintiffs fail to meet the Rule 9(b) standard, in that Plaintiffs' fail to clearly set out the fraudulent statements made by BONY Mellon.").[5]

## B.    Promissory Estoppel

Defendant moves for summary judgment on Plaintiffs' promissory estoppel claim on the ground that it is barred by the statute of frauds. (doc. 25 at 9.)

Although normally a defensive theory, promissory estoppel is also available as a cause of action to a promisee who has reasonably relied to his detriment on an otherwise unenforceable promise. *See Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 761 (N.D. Tex. 2012); *Kelly v. Rio Grande Computerland Grp.*, 128 S.W.3d 759, 769 (Tex.App.—El Paso 2004, no pet.). A claim for promissory estoppel must establish the following: (1) a promise; (2) reliance thereon that was foreseeable to promisor; and (3) substantial reliance by promisee to her detriment. *See McDonald v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-2691-B, 2012 WL 2122168, at *5 (N.D. Tex. June 11, 2012). "Under Texas law, promissory estoppel requires that 'the agreement that is the subject of the promise must comply with the statute of frauds. That is, the agreement must be in writing at the time of the oral promise to sign it.' " *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010) (quoting *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 438 (Tex. App.—Dallas

---

[5]Because Defendant is entitled to summary judgment on the fraud claim on this basis, it is unnecessary to consider its remaining arguments as to this claim.

2002, pet. denied)). An agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds and must be in writing to be valid. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing Tex. Bus. & Com. Code § 26.02(b)) ("An agreement regarding the transfer of the property or modification of a loan must ... be in writing to be valid.").

Here, Defendant provides the Second Note, the Second Deed of Trust, and the First Notice of Servicing Transfer letter as summary judgment evidence. (*See* doc. 25 at 59-79, 82-83.) Its evidence shows that the principal balance of the Second Mortgage exceeded $50,000. Defendant has met its summary judgment burden establishing that the statute of frauds applies to any promise or agreement relating to the Second Mortgage. *See Martins*, 722 F.3d at 256.

The burden now shifts to Plaintiffs to show a genuine issue of material fact regarding whether a written agreement promising to discharge the Second Mortgage had been entered by the parties. They do not dispute that this mortgage exceeded $50,000, and they do not provide evidence of a written agreement promising a debt discharge. Rather, they argue that their oral contract with Defendant falls within the partial performance exception to the statute of frauds. (doc. 34 at 14.)

"Under the partial performance exception to the statute of frauds, contracts that have been partly performed, but do not meet the requirements of the statute of frauds, may be enforced in equity if denial of enforcement would amount to a virtual fraud." *Breezevale*, 82 S.W.3d at 439. " 'Virtual fraud' refers to a situation where the 'party acting in reliance on the contract has suffered a substantial detriment, for which he has no adequate remedy,' and application of the statute of frauds would give the other party 'an unearned benefit.' " *Owens v. Specialized Loan Servicing, L.L.C.*, 694 F. App'x 950, 955-56 (5th Cir. 2017) (quoting *Carmack v. Beltway Dev. Co.*, 701 S.W.2d 37, 40-41 (Tex. App.—Dallas 1985, no writ)). "The acts of part performance must be

'unequivocally referable to the agreement and corroborative of the fact that a contract actually was made.'" *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 239 (5th Cir. 2014) (quoting *Breezevale*, 82 S.W.3d at 439). "Performance is only unequivocally referable to the agreement when there is no other possible reason for performance." *Owens*, 694 F. App'x at 956. Notably, "no Texas court has clearly stated that the partial-performance exception applies to the loan-agreement statute of frauds." *Montalvo v. Bank of Am. Corp.*, 864 F. Supp.2d 567, 592 (W.D. Tex. 2012).

Plaintiffs argue that "the execution and principle reduction to the [First] Mortgage", "the removal of the Second[ ] Mortgage from [ ] [B]orrower's credit history", and "the immediate stop by [Defendant] to collect on the Second[ ] Mortgage and discharge" are acts showing "partial performance" of the oral agreement to "charge off" the Second Mortgage. (doc. 34 at 14.) These actions "do not unequivocally corroborate the fact of any alleged oral loan modification contract." *Williams*, 560 F. App'x at 239. While Plaintiffs contend that Defendant had stopped sending mortgage statements and ceased all collection attempts on the Second Mortgage after it orally agreed to discharge the mortgage in May 2011, such acts are consistent with undisputed evidence that the servicing of the Second Mortgage was transferred from Defendant to another mortgage servicer in June 2011. *See Castillo v. Ocwen Loan Servicing, L.L.C.*, 539 F. App'x 621, 624-25 (5th Cir. 2013) (holding that district court properly concluded payments were not unequivocally referable to terms of oral agreement as the payments could have been made to satisfy original mortgage contract); *Hern Family Ltd. P'ship v. Compass Bank*, 863 F. Supp.2d 613, 625 (S.D. Tex. 2012) (rejecting partial performance exception to statute of frauds where plaintiffs' actions could have been intended to pay already existing debt owed defendant); *see also Alexander O & G, L.L.C. v. Nomad Land & Energy Res., L.L.C.*, 313 F. Supp.3d 794, 803 (S.D. Tex. 2018) ("To constitute partial performance,

10

the actions must unequivocally refer to the alleged agreement, such that the actions could have been done with no other design than to fulfill that agreement."). Because Plaintiffs do not present competent evidence of partial performance that "could have been done with no other design than to fulfill the" alleged oral agreement to discharge the Second Mortgage, they have failed to satisfy the partial performance exception to the statute of frauds. *See Breezevale*, 82 S.W.3d at 439.

Plaintiffs have failed to meet their burden to show a genuine issue of material fact as to their promissory estoppel claim, and Defendant's motion for summary judgment as to this claim should be granted.

**C.    FDCPA**

Defendant moves for summary judgment on Plaintiffs' FDCPA claim on the ground that it is not a "debt collector" under the act. (doc. 25 at 10.)

The FDCPA "is designed 'to eliminate abusive debt collection practices by debt collectors.' " *Watson v. Aurora Loan Services LLC*, No. 4:11-CV-301-BJ, 2012 WL 3594233, at *7 (N.D. Tex. Aug. 21, 2012) (citing 15 U.S.C. § 1692(e)). It "prohibits a 'debt collector' from: 1) using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt' as well as 2) using 'unfair or unconscionable means to collect or attempt to collect any debt.' " *Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2012 WL 3847362, at *6 (N.D. Tex. July 31, 2012), *adopted by* 2012 WL 3846539 (N.D. Tex. Sept. 5, 2012) (citing 15 U.S.C. §§ 1692e and 1692f).

The FDCPA defines a debt collector as "any person ... in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). There are two categories of debt collector—those who collect debts as the "principal purpose" of their

business and those who collect debts "regularly." *Hester v. Graham, Bright & Smith, P.C.*, 289 F.
App'x 35, 41 (5th Cir. 2008). "A person may 'regularly' collect debts even if debt collection is not
the principal purpose of his business." *Id.* "Whether a party 'regularly' attempts to collect debts is
determined, of course, by the volume or frequency of its debt collection activities." *Brown v. Morris*,
243 F. App'x 31, 35 (5th Cir. 2007). Notably, the FDCPA exempts from this definition "any person
collection or attempting to collect any debt owed or due or asserted to be owed or due another to the
extent such activity ... concerns a debt which was originated by such person." 15 U.S.C. §
1692g(a)(6)(F) (emphasis added). Under this exception, courts have concluded that "[t]he term 'debt
collector' does include lenders[,] ... 'the consumer's creditors, a mortgage servicing company, or
an assignee of a debt, as long as the debt was not in default at the time it was assigned.' " *Gipson
v. JPMorgan Chase*, No. 3:13-CV-2477-L, 2013 WL 3746003, at *2 (N.D. Tex. July 17, 2013)
(quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208, *modified on reh'g on other grounds*, 761
F.2d 237 (5th Cir. 1985)).

　　　Defendant argues that there is no evidence that it is a "debt collector" within the meaning
of the FDCPA. (doc. 25 at 10.) Where, as here, the nonmovant bears the burden of proof, the
movant's burden may be discharged by pointing out a complete lack of evidence to support the
nonmovant's case. *See Celotex*, 477 U.S. at 325. Defendant has therefore met its summary judgment
burden by showing a complete lack of evidence establishing that it is subject to the FDCPA.

　　　The burden now shifts to Plaintiffs to show that there is a genuine material fact issue with
respect to their FDCPA claim. By failing to respond to Defendant's argument that it is not a debt
collector under the FDCPA, Plaintiffs have abandoned this claim. *See Arias v. Wells Fargo Bank,
N.A.*, No. 3:18-CV-00418-L, 2019 WL 2514998, at *7 (N.D. Tex. June 18, 2019) ("When a plaintiff

fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned.") (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)). Plaintiffs have failed to meet their burden to show a genuine issue of material fact as to their FDCPA claim, and Defendant's motion for summary judgment as to this claim should be granted.[6]

**D.    FCRA**

Defendant moves for summary judgment on Plaintiffs' FCRA claim on the ground that there is no evidence that it violated § 1681s-2(b). (doc. 25 at 12.)

"Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also Wilting v. Progressive County Mut. Ins. Co.*, 227 F.3d 474, 475 (5th Cir. 2000) (per curiam) (FCRA governs reporting of consumer credit information and permissible uses of credit reports). Among other things, the FCRA "require[s] that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b); *see Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 465 (5th Cir. 2006). Although "the FCRA primarily regulates consumer credit reporting agencies, the statute also creates various obligations on 'furnishers of information' to provide accurate information to consumer credit reporting agencies." *Smith v. Nat'l City Mortgage*, No. A-09-CV-881 LY, 2010 WL 3338537, at *15 (W.D. Tex. Aug. 23, 2010) (citation omitted); 15 U.S.C. § 1681s–2. While the FCRA does not define "furnisher of information," courts in the Fifth Circuit "have defined the term broadly to mean

---

[6]Because Defendant is entitled to summary judgment on the FDCPA claim on this basis, it is unnecessary to consider its remaining arguments as to this claim.

'an entity [that] transmits information concerning a particular debt owed by a consumer to a consumer reporting agency.'" *Alam v. Sky Recovery Servs., Ltd.*, No. Civ.A. H-08-2377, 2009 WL 693170 at *4 (S.D. Tex. Mar. 13, 2009) (quoting *Thomasson v. Bank One*, 137 F. Supp.2d 721, 722 (E.D. La. 2001)).

"Under § 1681s–2(a), furnishers of information may not knowingly provide inaccurate information to consumer reporting agencies." *Smith*, 2010 WL 3338537, at *14 (citing 15 U.S.C. § 1681s–2(a)). Once a furnisher is notified by a consumer reporting agency that the consumer has disputed the completeness or accuracy of information pursuant to § 1681i(a)(2), the furnisher must conduct its own investigation with respect to the disputed item, correct any inaccuracy, and notify the agency of the results of its investigation. 15 U.S.C. § 1681s–2(b). To recover against a furnisher for violations of § 1681s–2(b),[7] a plaintiff must show that: (1) she disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation. *Smith*, 2010 WL 3338537, at *15; *see also* 15 U.S.C. §§ 1681s–2(b), 1681i(a)(2).

Defendant argues that there is no evidence that Plaintiffs disputed the accuracy of information with a credit reporting agency and, in turn, that a credit reporting agency provided it

---

[7]"The language in the FCRA plainly and unambiguously states that a consumer does not have any remedies available for a claimed violation of § 1681s–2(a)" since it provides that such a violation " 'shall be enforced exclusively' by certain federal agencies, and federal and state officials." *Patterson v. Long Beach Mortgage Co.*, No. CIV.A.3:07-CV-1602-O-BH, 2009 WL 4884151, at *4 (N.D. Tex. Dec. 15, 2009) (citing 15 U.S.C. § 1681s–2(a), (d)). Because there is no such limitation relating to § 1681s–2(b), "many federal courts in the Fifth Circuit have held that [in contrast to § 1681s–2(a),] § 1681s–2(b) creates a private right of action." *Davis v. Sallie Mae, Inc.*, CIV.A. No. 3:09-CV-00821, 2009 WL 2525303, at *3 (N.D. Tex. Aug. 18, 2009) (collecting cases). While expressly declining to rule on this issue, the Fifth Circuit has noted that "[n]othing in [§ 1681s–2] precludes a private right of action for violation of the investigation and reporting requirements of Section 1681s–2(b)." *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002).

notice of a dispute. (doc. 25 at 12-13.) Because Defendant has shown a complete lack of evidence as to an essential element of Plaintiffs' FCRA claim, it has met its summary judgment burden. *See Celotex*, 477 U.S. at 325.

The burden now shifts to Plaintiffs to show evidence of a genuine issue of fact as to whether a credit reporting agency notified Defendant of any dispute about inaccurate information. Because they have not responded to this argument, they have failed to meet their summary judgment burden on their FCRA claim. *See Black*, 461 F.3d at 588 n.1. Plaintiffs therefore have not shown that there is a genuine issue of material fact as to an essential element of a § 1681s–2(b) claim. *See Smith*, 2010 WL 3338537, at *15. Defendant's motion for summary judgment as to their FCRA claim should be granted on this basis.

## E. <u>Breach of Contract</u>

Defendant moves for summary judgment on Plaintiffs' breach of contract claim on the ground that it is barred by the statute of limitations. (doc. 25 at 15.)

"Under Texas law, a four-year statute of limitations applies to breach of contract claims." *TIB--The Indep. BankersBank v. Canyon Cmty. Bank*, 13 F. Supp.3d 661, 668 (N.D. Tex. 2014); *see also* Tex. Civ. Prac. & Rem. Code § 16.051. A cause of action for breach of contract generally accrues at the time of the breach. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002); *see also Slusser v. Union Bankers Ins. Co.*, 72 S.W.3d 713, 717 (Tex. App.—Eastland 2002, no pet.) ("A cause of action for breach of contract is generally regarded as accruing when the contract is breached or when the claimant has notice of facts sufficient to place him on notice of the breach."). "What constitutes a breach of contract is a question of law, but whether the breaching conduct occurred is a question of fact." *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 127 (5th Cir. 2017). Texas law provides that

the party asserting a limitations defense "must not only establish the applicability of the limitations statute, but must, as well, prove when the opponent's cause of action accrued." *In re Hinsley*, 201 F.3d 638, 645 (5th Cir. 2000) (quoting *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex.App.-Houston 1984, writ refused n.r.e.)); *see also KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999) ("A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense.").

Here, the first amended complaint alleges that Defendant breached the Second Deed of Trust when it "internally accelerated" the Second Mortgage without giving Plaintiffs notice in violation of paragraph 20, and when it failed to provide notice of default of that mortgage in violation of paragraph 13. (doc. 17 at 17.) Although the complaint does not identify the time period of the alleged breaches, Defendant argues that Plaintiffs' breach of contract claim accrued in 2011 based on the following allegation: "Last payment from Plaintiffs was in 2007, and last conversation about the Second Lien, or Second Loan, whereby Bank of America represented that the debt would be charged off occurred in 2011." (doc. 25 at 16 (quoting doc. 17 at 19).) Plaintiffs filed suit approximately 10 years later in October 2021, which is well after the expiration of the four-year limitations period. *See Stine*, 80 S.W.3d at 592.

Plaintiffs do not dispute that the alleged breaches occurred in 2011, no otherwise respond to Defendant's argument that the breach of contract claim is barred by limitations. They instead allege for the first time that they "have asserted breach of contract against the Defendants for making false representations and partially complying with the oral agreement which was to release Plaintiffs from any obligation under the Secondary Mortgage." (doc. 34 at 24.) Because these allegations were not raised in the first amended complaint, Plaintiffs cannot raise them for the first time in their

16

summary judgment response. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."); *see also De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012) ("[D]istrict courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment."). Defendant has carried its burden to show that Plaintiffs' breach of contract claim accrued outside the statute of limitations and is time-barred, and is therefore entitled to summary judgment on this basis.[8]

## IV.  RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED**, and all of Plaintiffs' claims against it should be **DISMISSED with prejudice.**

**SO RECOMMENDED** on this 28th day of August 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8]Because Defendant is entitled to summary judgment on the breach of contract claim on this basis, it is unnecessary to consider its remaining arguments as to this claim.

17

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

18